**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| v. | § | **CRIMINAL No. 6:02cr38** |
| **GERALD THOMAS NOBLE** | § | |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On February 27, 2006, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Gerald Thomas Noble ("Noble"). The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and the defendant was represented by appointed counsel, Dan Hurst.

Defendant plead guilty to one count of felon in possession of a firearm, in violation of 26 U.S.C. § 922(g)(1), a Class C felony. On January 6, 2003, U.S. District Judge William M. Steger sentenced the defendant to 41 months in prison followed by 3 years supervised release. On April 15, 2005, defendant completed the term of imprisonment and began the term of supervised release.

Under the terms of supervised release defendant was required to: refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of release from imprisonment and at least two tests thereafter; report to the probation officer as directed and submit a truthful and complete written report within the first five days of each month; and participate in a program of testing and treatment for drug abuse until released from the program by probation.

In its petition, the government alleges that Noble violated three separate conditions of his supervised release: first, by submitting urine specimens that tested positive for cocaine on October

1

25, December 9, and December 13, 2005, and January 10, 2006, and by submitting a urine specimen that tested positive for amphetamines and cocaine on October 25, 2005; second, by failing to report to the U.S. Probation Office as instructed on November 23, December 2, and December 30 of 2005, and by failing to submit a monthly report form within the first five days of October and November of 2005; finally, by failing to submit to drug testing on December 15, 2005, January 5, 2006, and January 10, 2006.

According to 18 U.S.C. § 3583(g) the Court shall revoke a Defendant's supervised release and impose a term of imprisonment if defendant possesses a controlled substance, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. Upon finding a violation, the Court may impose a sentence no longer than two years where, as in this case, defendant was originally convicted of a Class C felony. 18 U.S.C. § 3583(g).

If the Court finds by a preponderance of the evidence that Noble violated the conditions of his supervised release by possessing amphetamines or cocaine, he will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.1(a). The guideline range for a Grade B violation for a defendant with a criminal history category of II is 6-12 months. The remaining allegations in the government's petition constitute Grade C violations, and if the Court should elect to impose a term of imprisonment for those violations, the guideline range would be 4 to 10 months. Defendant plead True to possessing cocaine and methamphetamine as evidenced by submitting urine specimens that tested positive for cocaine on October 25, December 9, and December 13, 2005, and January 10, 2006, and by submitting a urine specimen that tested positive for amphetamines and cocaine on October 25, 2005. The government agreed not to pursue the remaining allegations in its petition,

and joined the U.S. Probation Office in recommending the Court impose a 9 month term of imprisonment with no supervised release to follow. The defendant had no objection to the government's recommendation.

The Court finds that the defendant's plea was made freely and voluntarily and that the defendant is competent to enter this plea. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the defendant, Gerald Thomas Noble, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 9 months with no supervised release to follow.

**So ORDERED and SIGNED this 2nd day of March, 2006.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE